Joe EVERITT, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 1937.

United States District Court
S. D. Texas,
Corpus Christi Division.

April 16, 1962.

Ellis L. Clark, Rockport, Tex., and Luther Jones, Jr., Corpus Christi, Tex., for plaintiff.

Woodrow Seals, U. S. Atty., and Jack Shepherd, Asst. U. S. Atty., Houston, Tex., and Alan Raywid, Atty., Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., for defendant.

GARZA, District Judge.

This case was tried by the Court on January 29, 1962. At the outset of the trial, the Government was insisting that the Court pass on their motion to dismiss the complaint since it did not state a cause of action within the jurisdiction of this Court because the complaint was based upon the alleged failure of a Federal agency, namely, the Corps of Engineers, to perform a discretionary function or duty. The Court carried the question along with the case and agreed to let counsel submit briefs at the conclusion thereof when this Court found the Government negligent and awarded damages to the Plaintiff.

A brief summary of the evidence before the Court shows that the Corps of Engineers which maintains the intercoastal canal running through Aransas Bay, in order to properly survey the channel and maintain its proper charter dimensions, established a "Reference Line" 200 feet from the eastern perimeter of the channel. The said Reference Line consists of a series of creosote logs six inches in diameter, twenty feet in height, and placed at approximate intervals of 1000 feet. The pilings are tagged and

numbered and have red reflector buttons around their tops.

Aransas Bay has a soft mud bottom. Barges in lengthy tows proceeding through the channel, when hit by the wind, will occasionally push over or break off the Reference Line pilings, leaving them partially submerged.

This Court found, after hearing all the evidence, that Piling No. 871 had been so struck and submerged, and had been submerged for a period in excess of six months; that Plaintiff's shrimp boat which traveled all over Aransas Bay and not only the intercoastal canal, had in fact collided with said submerged piling; that the Corps of Engineers was negligent in not removing the submerged piling; that the Plaintiff was also negligent in not crossing the Reference Line close to a standing piling; that his negligence caused fifty per cent of the damages; that the sunken vessel was worth $3,000.00 before the collision and had a $100.00 salvage value after the collision; and that the Plaintiff was, therefore, entitled to damages in the sum of $1,450.00.

Briefs have been submitted to this Court on the question of jurisdiction.

The Government's main contention is that since the Plaintiff has brought this action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) et seq., this action cannot be maintained under said Tort Claims Act for the reason that after the Corps of Engineers had put in place the Reference Line pilings, it had decided to survey this line once a year; and since the evidence before the Court is that the piling had been submerged for only a period in excess of six months, to hold the Corps of Engineers negligent runs right into the teeth of Title 28, Section 2680(a) of the Tort Claims Act, which sets forth certain actions which remain untouched by the general waiver of the statute and provides as follows:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The Government maintains that the frequency of surveying the piling placed in Aransas Bay by the Corps of Engineers is a discretionary function, and if this Court accepts jurisdiction and rules to the effect that the Government owed a duty to the Plaintiff to make more frequent inspections of its Reference pilings, it would violate and abrogate the discretionary function concept embodied in the Tort Claims Act.

Among other cases cited in support of their contention, the Government cites the case of Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

With the contention of the Government that the decision of the Corps of Engineers to make annual surveys and replacements of Reference Line pilings in Aransas Bay was clearly the exercise of a discretionary function within the meaning of 28 U.S.C.A. § 2680(a), and accordingly the complaint based upon this exercise, notwithstanding that the discretion was abused, must be dismissed, this Court cannot agree.

Under the authority of Indian Towing Co. v. United States, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48, I must hold that once the Corps of Engineers exercised its discretion to place Reference Line pilings on the intercoastal canal running through Aransas Bay, it was obligated to use due care to make certain that the pilings, when not visible, were not so submerged as to come in collision with the boats using the Bay and not the canal itself.

Evidence before the Court clearly shows that the Corps of Engineers had ample notice that traveling barges some-

times hit these Reference pilings and that the same, when submerged, became navigation hazards. In fact, notices were put out, warning people of these dangers.

Since under the evidence this Court finds that the piling that struck the vessel of the Plaintiff had been submerged in excess of six months, I cannot hold but that the Government did not use due care to discover the submerged piling and to remove it or give some kind of warning that it was so submerged as to be hazardous to boats using the Bay.

Since the Coast Guard failed in its duty to reasonably discover the submerged Piling No. 871 and remove the hazard created thereby, the United States is liable under the Tort Claims Act.

The plea to the jurisdiction will be overruled. The cause will not be dismissed, and the findings of the Court made at the conclusion of the trial on its merits will form the basis for a judgment in behalf of the Plaintiff.

The Clerk will notify counsel, and counsel for the Plaintiff will submit an appropriate judgment for entry.